# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CANON INC., | ) | |
| | ) | Case No. 1:18-cv-00143 |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF CANON INC.'S** |
| vs. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT** |
| STATIC CONTROL COMPONENTS, | ) | |
| INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

Plaintiff Canon Inc. ("Canon") brings this action for patent infringement against Defendant Static Control Components, Inc. ("Defendant"), and alleges as follows:

### Related Actions

1.     This action is related to an action being concurrently filed in the U.S. International Trade Commission, *In the Matter of Certain Toner Cartridges and Components Thereof* (the "ITC Proceeding"), in that (a) Canon is a complainant in the ITC Proceeding; (b) Defendant is a named respondent, among other named respondents, in the ITC Proceeding; (c) Canon is asserting the same patents against Defendant both here and in the ITC Proceeding; and (d) this action and the ITC Proceeding involve the same accused products of Defendant.  Canon is concurrently filing similar complaints in this Court or in other courts against the other named respondents in the ITC Proceeding.

### The Parties

2.     Canon is a corporation organized and existing under the laws of Japan, having its principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3.     Canon is a leading innovator, manufacturer and seller of a wide variety of laser beam printers, inkjet printers, copying machines, cameras, and other consumer, business, and industrial products.

4.     On information and belief, Static Control Components, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 3010 Lee Avenue, Sanford, North Carolina 27332-6210.

## Jurisdiction and Venue

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendant because its principal place of business is located in this judicial district, and because it has, directly or through intermediaries, committed acts within North Carolina giving rise to this action and/or has established minimum contacts with North Carolina such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1400(b).  Defendant is incorporated in, and thus resides in, the State of North Carolina and this judicial district.  Defendant also has committed infringing acts in this judicial district and has a regular and established place of business in this judicial district.

## Canon's Patents-in-Suit

8.     On August 29, 2017, U.S. Patent No. 9,746,826 (the "'826 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka.  A true and correct copy of the '826 patent is attached as Exhibit A.

9.     On December 5, 2017, U.S. Patent No. 9,836,021 (the "'021 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka. A true and correct copy of the '021 patent is attached as Exhibit B.

10.    On December 12, 2017, U.S. Patent No. 9,841,727 (the "'727 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka. A true and correct copy of the '727 patent is attached as Exhibit C.

11.    On December 12, 2017, U.S. Patent No. 9,841,728 (the "'728 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka. A true and correct copy of the '728 patent is attached as Exhibit D.

12.    On January 2, 2018, U.S. Patent No. 9,857,765 (the "'765 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka. A true and correct copy of the '765 patent is attached as Exhibit E.

13.    On January 16, 2018, U.S. Patent No. 9,869,960 (the "'960 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka. A true and correct copy of the '960 patent is attached as Exhibit F.

14.     On January 23, 2018, U.S. Patent No. 9,874,846 (the "'846 patent"), titled "Process Cartridge, Electrophotographic Image Forming Apparatus, and Electrophotographic Photosensitive Drum Unit," duly and legally issued to Canon as assignee of the inventors, Takahito Ueno, Shigeo Miyabe, and Masanari Morioka.  A true and correct copy of the '846 patent is attached as Exhibit G.

15.     Canon is the sole owner of the entire right, title, and interest in and to the '826, '021, '727, '728, '765, '960, and '846 patents (collectively, "Asserted Patents"), including the right to sue and recover for any and all infringements thereof.

16.     The Asserted Patents are valid and enforceable.

## Defendant's Infringing Activities

17.     On information and belief, Defendant is engaged in the business of selling and/or offering to sell within the United States and/or importing into the United States replacement toner cartridges for use in one or more Canon and HP laser beam printers, including but not limited to the printers listed in the table below, which toner cartridges and/or the components contained therein (*e.g.*, photosensitive drum units) are covered by one or more claims of each of the Asserted Patents.

| Canon/HP Laser Beam Printers | Compatible Canon/HP Cartridges |
|---|---|
| Canon imageCLASS 312x, 312i, and 312dn<br>Canon i-SENSYS LBP312x, LBP312i, and LBP312dn | Canon Cartridge 041/041 H |
| Canon imageCLASS LBP6300dn, LBP6650dn, LBP6670dn, MF5850dn, MF5880dn, MF5950dw, MF5960dn, MF6160dw, and MF6180dw | Canon Cartridge 119/119 II |
| Canon imageCLASS D1120, D1150, D1170, D1180, D1320, D1350, and D1370 | Canon Cartridge 120 |
| Canon imageCLASS LBP6780dn | Canon Cartridge 324 II |
| Canon imageRUNNER LBP3560 and LBP3580 | Canon GPR-40 |

| | |
|---|---|
| Canon imageRUNNER LBP3470 and LBP3480<br><br>Canon LASER CLASS 650i | Canon GPR-41 |
| HP LaserJet P3010<br><br>HP LaserJet Pro MFP M521dn<br><br>HP LaserJet Enterprise P3015d, P3015dn, P3015n, and P3015x<br><br>HP LaserJet Enterprise 500 MFP M525f and M525dn<br><br>HP LaserJet Enterprise Flow MFP M525c | HP CE255A/X |
| HP LaserJet P2033, P2033n, P2034, P2034n, P2035, P2035n, P2036, P2036n, P2037, P2037n, P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055d, P2055dn, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, and P2057x | HP CE505A |
| HP LaserJet P2053d, P2053dn, P2053x, P2054d, P2054dn, P2054x, P2055, P2055d, P2055dn, P2055x, P2056d, P2056dn, P2056x, P2057d, P2057dn, and P2057x | HP CE505X |
| HP LaserJet Pro M402n, M402dn, M402dw, M426fdn, and MFP M426fdw | HP CF226A/CF226X |
| HP LaserJet Enterprise Flow MFP M631h and M632z<br><br>HP LaserJet Enterprise M607dn, M607n, M608dn, M608n, M608x, M609dn, M609x, MFP M631dn, MFP M631z, MFP M632fht, and MFP M632h | HP CF237A/X/Y/YC |
| HP LaserJet Pro 400 M401dn, M401dne, M401dw, M401n, and  MFP M425dn | HP CF280A/X |
| HP LaserJet Enterprise M506dn, M506n, MFP M527dn, and MFP M527f | HP CF287A/CF287X |

18.     A non-limiting example of an infringing toner cartridge imported and/or sold by Defendant is model NHCF226A, depicted below.  The design of the NHCF226A cartridge is what is referred to in the ITC Proceeding as "Type F."

5

 

19.     Another non-limiting example of an infringing toner cartridge imported and/or sold by Defendant is model NHCF280A, depicted below.  The design of the NHCF280A cartridge is what is referred to in the ITC Proceeding as "Type G."  Other examples of Type G cartridges imported and/or sold by Defendant include, without limitation, models NH-CE505A and NHCE505AJ.

 

20.     Still another non-limiting example of an infringing toner cartridge imported and/or sold by Defendant is model NHCE255A, depicted below.  The design of the NHCE255A cartridge is what is referred to in the ITC Proceeding as "Type H."  Another example of a Type H cartridge imported and/or sold by Defendant includes, without limitation, model NHCE255X.

 

6

## First Cause of Action: Infringement of U.S. Patent No. 9,746,826

21.     Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

22.     Defendant is directly infringing the '826 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

23.     Defendant also is indirectly infringing the '826 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '826 patent upon being served with this Complaint. On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

24.     Defendant's accused toner cartridges infringe one or more claims of the '826 patent. The NHCF226A (Type F) cartridge, for example, infringes at least claims 1, 2, 4, 6, 7, and 9 of the '826 patent. Attached hereto as Exhibit H, and incorporated by reference herein, are claim charts detailing how a representative Type F toner cartridge infringes independent claims 1 and 6 of the '826 patent.

25.     As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1, 4, 6, 7, and 9 of the '826 patent. Attached hereto as Exhibit I, and incorporated by reference herein, are claim charts detailing how a representative Type G toner cartridge infringes independent claims 1 and 6 of the '826 patent.

7

26.     As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1, 4, 6, 7, and 9 of the '826 patent.  Attached hereto as Exhibit J, and incorporated by reference herein, are claim charts detailing how a representative Type H toner cartridge infringes independent claims 1 and 6 of the '826 patent.

27.     The Court has not yet construed the meaning of any claims or terms in the '826 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

28.     Canon contends that each element of each asserted claim is literally present in the accused toner cartridges.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

29.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '826 patent.

30.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## Second Cause of Action: Infringement of U.S. Patent No. 9,836,021

31.     Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

32.     Defendant is directly infringing the '021 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

33.     Defendant also is indirectly infringing the '021 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above.  At the very latest, Defendant will be given notice of its infringement of the '021 patent upon being served with this Complaint.  On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

34.     Defendant's accused toner cartridges infringe one or more claims of the '021 patent.  The NHCF226A (Type F) cartridge, for example, infringes at least claims 1, 2, 4, 5, and 7 of the '021 patent.  Attached hereto as Exhibit K, and incorporated by reference herein, is a claim chart detailing how a representative Type F toner cartridge infringes independent claim 1 of the '021 patent.

35.     As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1, 2, 4, 5, and 7 of the '021 patent.  Attached hereto as Exhibit L, and incorporated by reference herein, is a claim chart detailing how a representative Type G toner cartridge infringes independent claim 1 of the '021 patent.

36.     As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1, 2, 4, 5, and 7 of the '021 patent.  Attached hereto

9

as Exhibit M, and incorporated by reference herein, is a claim chart detailing how a representative Type H toner cartridge infringes independent claim 1 of the '021 patent.

37. The Court has not yet construed the meaning of any claims or terms in the '021 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

38. Canon contends that each element of each asserted claim is literally present in the accused toner cartridges. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

39. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '021 patent.

40. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

### Third Cause of Action: Infringement of U.S. Patent No. 9,841,727

41. Canon repeats and incorporates by reference the allegations of paragraphs 1-2040 above, as though set forth here in their entirety.

42. Defendant is directly infringing the '727 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not

limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

43.     Defendant also is indirectly infringing the '727 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above.  At the very latest, Defendant will be given notice of its infringement of the '727 patent upon being served with this Complaint.  On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

44.     Defendant's accused toner cartridges infringe one or more claims of the '727 patent.  The NHCF226A (Type F) cartridge, for example, infringes at least claims 1, 2, 5-7, 9-12, 15-17, 19-22, 24, 26, and 27 of the '727 patent.  Attached hereto as Exhibit N, and incorporated by reference herein, are claim charts detailing how a representative Type F toner cartridge infringes independent claims 1 and 16 of the '727 patent.

45.     As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1, 2, 4-7, 9-12, 15-17, 19-22, 24, 26, and 27 of the '727 patent.  Attached hereto as Exhibit O, and incorporated by reference herein, are claim charts detailing how a representative Type G toner cartridge infringes independent claims 1 and 16 of the '727 patent.

46.     As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1, 2, 4-7, 9-12, 15-17, 19-22, 24, 26, and 27 of the '727 patent.  Attached hereto as Exhibit P, and incorporated by reference herein, are claim charts detailing how a representative Type H toner cartridge infringes independent claims 1 and 16 of the '727 patent.

47. The Court has not yet construed the meaning of any claims or terms in the '727 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

48. Canon contends that each element of each asserted claim is literally present in the accused toner cartridges. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

49. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '727 patent.

50. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## Fourth Cause of Action: Infringement of U.S. Patent No. 9,841,728

51. Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

52. Defendant is directly infringing the '728 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

12

53.     Defendant also is indirectly infringing the '728 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above.  At the very latest, Defendant will be given notice of its infringement of the '728 patent upon being served with this Complaint.  On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

54.     Defendant's accused toner cartridges infringe one or more claims of the '728 patent.  The NHCF226A (Type F) cartridge, for example, infringes at least claims 1, 2, 5-7, 9-12, 15-17, 19-22, 24, and 26-28 of the '728 patent.  Attached hereto as Exhibit Q, and incorporated by reference herein, are claim charts detailing how a representative Type F toner cartridge infringes independent claims 1 and 16 of the '728 patent.

55.     As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1, 2, 4-7, 9-12, 15-17, 19-22, 24, and 26-28 of the '728 patent.  Attached hereto as Exhibit R, and incorporated by reference herein, are claim charts detailing how a representative Type G toner cartridge infringes independent claims 1 and 16 of the '728 patent.

56.     As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1, 2, 4-7, 9-12, 15-17, 19-22, 24, and 26-28 of the '728 patent.  Attached hereto as Exhibit S, and incorporated by reference herein, are claim charts detailing how a representative Type H toner cartridge infringes independent claims 1 and 16 of the '728 patent.

57.     The Court has not yet construed the meaning of any claims or terms in the '728 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's

contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

58.     Canon contends that each element of each asserted claim is literally present in the accused toner cartridges.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

59.     Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '728 patent.

60.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Fifth Cause of Action: Infringement of U.S. Patent No. 9,857,765**

61.     Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

62.     Defendant is directly infringing the '765 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

63.     Defendant also is indirectly infringing the '765 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above.  At the

very latest, Defendant will be given notice of its infringement of the '765 patent upon being served with this Complaint. On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

64. Defendant's accused toner cartridges infringe one or more claims of the '765 patent. The NHCF226A (Type F) cartridge, for example, infringes at least claims 1, 3, 13, 16, 17, and 19 of the '765 patent. Attached hereto as Exhibit T, and incorporated by reference herein, are claim charts detailing how a representative Type F toner cartridge infringes independent claims 1 and 13 of the '765 patent.

65. As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1, 3, 13, 16, 17, and 19 of the '765 patent. Attached hereto as Exhibit U, and incorporated by reference herein, are claim charts detailing how a representative Type G toner cartridge infringes independent claims 1 and 13 of the '765 patent.

66. As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1, 3, 13, 16, 17, and 19 of the '765 patent. Attached hereto as Exhibit V, and incorporated by reference herein, are claim charts detailing how a representative Type H toner cartridge infringes independent claims 1 and 13 of the '765 patent.

67. The Court has not yet construed the meaning of any claims or terms in the '765 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

15

68. Canon contends that each element of each asserted claim is literally present in the accused toner cartridges. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

69. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '765 patent.

70. By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## Sixth Cause of Action: Infringement of U.S. Patent No. 9,869,960

71. Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

72. Defendant is directly infringing the '960 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

73. Defendant also is indirectly infringing the '960 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '960 patent upon being served with this Complaint. On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its

cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

74. Defendant's accused toner cartridges infringe one or more claims of the '960 patent. The NHCF226A (Type F) cartridge, for example, infringes at least claims 1-7 of the '960 patent. Attached hereto as Exhibit W, and incorporated by reference herein, is a claim chart detailing how a representative Type F toner cartridge infringes independent claim 1 of the '960 patent.

75. As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1-7 of the '960 patent. Attached hereto as Exhibit X, and incorporated by reference herein, is a claim chart detailing how a representative Type G toner cartridge infringes independent claim 1 of the '960 patent.

76. As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1-7 of the '960 patent. Attached hereto as Exhibit Y, and incorporated by reference herein, is a claim chart detailing how a representative Type H toner cartridge infringes independent claim 1 of the '960 patent.

77. The Court has not yet construed the meaning of any claims or terms in the '960 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

78. Canon contends that each element of each asserted claim is literally present in the accused toner cartridges. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to

provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

79.    Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '960 patent.

80.    By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**Seventh Cause of Action: Infringement of U.S. Patent No. 9,874,846**

81.    Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above, as though set forth here in their entirety.

82.    Defendant is directly infringing the '846 patent by selling and/or offering to sell within the United States and/or importing into the United States toner cartridges for use in at least the Canon and HP laser beam printers listed above, including but not limited to the aforementioned NHCF226A, NHCF280A, NH-CE505A, NHCE505AJ, NHCE255A, and NHCE255X cartridges.

83.    Defendant also is indirectly infringing the '846 patent at least by virtue of its inducement of direct infringement of that patent by customers who use Defendant's toner cartridges in at least the Canon and HP laser beam printers listed above. At the very latest, Defendant will be given notice of its infringement of the '846 patent upon being served with this Complaint. On information and belief, Defendant knowingly induces customers to use its toner cartridges, including, for example, by promoting its cartridges for use in specific printers and/or providing customers with instructions for using its cartridges in those printers.

84.    Defendant's accused toner cartridges (including the drum units contained therein) infringe one or more claims of the '846 patent. The NHCF226A (Type F)

cartridge, for example, infringes at least claims 1-3 of the '846 patent. Attached hereto as Exhibit Z, and incorporated by reference herein, is a claim chart detailing how a representative Type F toner cartridge infringes independent claim 1 of the '846 patent.

85. As another example, Defendant's NHCF280A, NH-CE505A, and NHCE505AJ (Type G) cartridges infringe at least claims 1-3 of the '846 patent. Attached hereto as Exhibit AA, and incorporated by reference herein, is a claim chart detailing how a representative Type G toner cartridge infringes independent claim 1 of the '846 patent.

86. As still another example, Defendant's NHCE255A and NHCE255X (Type H) cartridges infringe at least claims 1-3 of the '846 patent. Attached hereto as Exhibit BB, and incorporated by reference herein, is a claim chart detailing how a representative Type H toner cartridge infringes independent claim 1 of the '846 patent.

87. The Court has not yet construed the meaning of any claims or terms in the '846 patent. In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims. Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

88. Canon contends that each element of each asserted claim is literally present in the accused toner cartridges. If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

89. Defendant's acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at

law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant from infringing the claims of the '846 patent.

90.     By reason of Defendant's infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## Prayer for Relief

WHEREFORE, Canon prays for judgment and relief as follows:

A.     That Defendant has infringed the Asserted Patents;

B.     That Defendant and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the Asserted Patents pursuant to 35 U.S.C. § 283;

C.     That Defendant be ordered to pay damages adequate to compensate Canon for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonable royalty, together with interest thereon;

D.     That Defendant be ordered to pay all of Canon's costs associated with this action; and

E.     That Canon be granted such other and additional relief as the Court deems equitable, just, and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Canon demands a jury trial on all issues so triable.

Dated: February 28, 2018          /s/ Matias Ferrario
                                  Matias Ferrario (NC Bar No. 20984)
                                  KILPATRICK TOWNSEND & STOCKTON LLP
                                  1001 West Fourth Street
                                  Winston-Salem, North Carolina 27101
                                  Tel: (336) 607-7300 | Fax: (336) 607-7500
                                  mferrario@kilpatricktownsend.com

                                  Of Counsel:

                                  Michael P. Sandonato
                                  Dennis J. McMahon
                                  Seth E. Boeshore
                                  Andrew J. Kutas
                                  FITZPATRICK, CELLA, HARPER & SCINTO
                                  1290 Avenue of the Americas
                                  New York, New York 10104-3800
                                  Tel: (212) 218-2100 | Fax: (212) 218-2200
                                  msandonato@fchs.com
                                  dmcmahon@fchs.com
                                  sboeshore@fchs.com
                                  akutas@fchs.com

                                  Edmund J. Haughey (NC Bar No. 52796)
                                  FITZPATRICK, CELLA, HARPER & SCINTO
                                  975 F Street, NW
                                  Washington, DC  20004-1462
                                  Tel: (202) 530-1010 | Fax: (202) 530-1055
                                  ehaughey@fchs.com

                                  *Attorneys for Plaintiff Canon Inc.*